**John N. FISHER, Plaintiff,**

v.

**STOLARUK CORPORATION, Defendant.**

**No. 85–CV–72255–DT.**

United States District Court, E.D. Michigan, S.D.

March 12, 1986.

Charles J. Taunt, Marci B. McIvor, Bloomfield Hills, Mich., for plaintiff.

Jerome D. Frank, Bloomfield Hills, Mich., for defendant.

## ORDER

COHN, District Judge.

This is a Fair Labor Standards Act case. 29 U.S.C. § 201 *et seq.* Plaintiff alleges that defendant failed to pay him for certain work performed, in violation of the Act. Plaintiff seeks $1,954.73, liquidated damages, costs, and attorney's fees.

### I.

Defendant's counsel prepared an Offer of Judgment under Federal Rule of Civil Procedure 68 for $5,000.00 "with costs then accrued" and mailed it on February 26, 1986. The offer expressed that it had to be accepted within 10 days. Like Rule 68, the offer was silent on whether it could be withdrawn within the 10-day period. The offer was also silent on whether it included attorney's fees.

Plaintiff's counsel says that after receiving defendant's offer, he researched *Marek v. Chesney,* — U.S. ——, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), and learned that the term "costs" did not include attorney's fees. Subsequently, on March 4 (Plaintiff's Letter of March 6) or March 5 (Defendant's Brief, p. 3), defendant's counsel called plaintiff's counsel and expressed his intent that the term "costs" should include attorney's fees. Plaintiff's counsel explained that he interpreted the original offer as being exclusive of attorney's fees and treated the call as an impermissible attempt to revoke or amend the original offer within the 10-day period for acceptance. Plaintiff's counsel says he then explained the offer to his client, who instructed him to accept the offer and petition the court separately for attorney's fees under the Act.

Plaintiff's counsel prepared an Acceptance of Offer of Judgment on March 5. According to plaintiff's counsel, later that day he received by hand-delivery correspondence from defendant dated March 5 purporting to revoke the offer. Plaintiff's counsel treated this as an invalid attempt to revoke, relying on 12 C. Wright & A. Miller, *Federal Practice and Procedure* § 3004. Plaintiff's counsel then hand-served his acceptance to defendant's counsel on March 6. Plaintiff's counsel also sent the acceptance to the Court with an explanatory cover letter. (Defendant's counsel says he was served only with the letter, and not the actual acceptance (Defendant's Brief, p. 4).)

Defendant's counsel prepared an Amended Offer of Judgment, dated March 7, which expressly made the $5,000.00 inclusive of all costs accrued, interest, and attorney's fees.

### II.

Rule 68 and the Advisory Committee Notes are silent on whether an offer can be withdrawn within the 10-day period for written acceptance. There are no federal cases on whether an offer under Rule 68 is irrevocable for the 10-day period. A leading treatise on civil procedure says that the better interpretation is that the offer is irrevocable. C. Wright & A. Miller, *id.* The state cases on consent judgments cited by defendant are clearly inapposite to offers under Rule 68. Defendant's original offer was irrevocable at least until March 6, the day plaintiff's counsel served his written acceptance.

### III.

#### A.

■ Plaintiff clearly "accepted" the offer in the manner and within the time period provided for in Rule 68—service of written acceptance within 10 days. Defendant denies that it received a written notice of acceptance, claiming in its brief that it received only a copy of the letter to the Court asking for entry of judgment. However, the Court received the acceptance and proof of its service upon defendant. Without any further showing otherwise by de-

fendant, plaintiff has satisfied the technical requirements for acceptance under the Rule.

### B.

The parties apparently did not formulate any mutual intent before the March 4 or 5 telephone call as to whether the original offer included attorney's fees, although defendant's counsel says he subjectively intended the original offer to be inclusive of attorney's fees (Defendant's Affidavit, ¶ 4). In effect, defendant's counsel mistakenly used the word "costs" as a shorthand to include attorney's fees.

### 1.

▉ Equity will provide affirmative relief by way of rescission where one party made a mistake as to the meaning of a contract and the mistake was known to the other party. 13 *Williston on Contracts* § 1573, at 486–87 (3d ed.1970). Where a mistake in an offer should have been apparent to the offeree, his purported "acceptance" will justify rescission where the offeree refuses to let the mistake be corrected when discovered by the offeror and communicated to the offeree. *See id.* § 1578, at 508–14. In other words, "an offeree will not be permitted to snap up an offer that is too good to be true; no agreement based on such an offer can be enforced by the acceptor." *Id.* § 1573, at 490 n. 15.

▉ Four technical requirements must be satisfied in order to rescind. *See generally id.,* at 489. First, the mistake must be of such consequence that enforcement would be unconscionable. Second, the mistake must be material. Third, the mistake must have occurred regardless of the exercise of ordinary care. Fourth, it must be possible to place the other party in a position of status quo ante. *See also C.N. Monroe Mfg. Co. v. United States,* 143 F.Supp. 449 (E.D.Mich.1956).

### 2.

▉ Defendant is entitled to rescission. Defendant's counsel made the offer under a mistake of law, unaware that the term "costs" did not include attorney's fees but intending that it should be interpreted as such. The mistake was certainly material to defendant's offer, as the subsequent events indicated. By drafting the offer under a mistake of law, defendant's counsel demonstrated some amount of legal negligence. However, defendant's counsel acted promptly to correct his mistake before plaintiff's counsel had satisfied the technical requirements for acceptance. Plaintiff was put on notice of defendant's subjective intent not only by the very size of the offer, which was more than twenty-five percent greater than what plaintiff could recover at trial, thus making the mistake palpable, but plaintiff was also put on notice of the mistake by oral communication to plaintiff's counsel before he had satisfied the technical requirements for acceptance under Rule 68. That plaintiff had conveyed his "acceptance" to his counsel before the oral communication does not affect the result, since, as noted above, the size of the offer alone put plaintiff on notice of the mistake, and it would be unconscionable to allow plaintiff to take advantage of it. Further, to rescind the offer will not prejudice plaintiff, since he did not materially rely on it to his detriment. He may still accept the March 7 offer, which expresses defendant's true intent, or he may proceed to trial if he does not find the subsequent (reformed) offer to his liking.

Defendant's original offer is therefore rescinded. Plaintiff has 10 days from this order to accept the offer of March 7.

SO ORDERED.