Dennis WEBB, Sr., Plaintiff,

v.

Dick JAMES, Owner, and Dick James Ford, Inc., a corporation of Illinois, Defendants.

No. 94 C 3767.

United States District Court, N.D. Illinois, Eastern Division.

March 25, 1997.

John M. Collins, Jr., Miller, Tracy, Braun & Wilson, Henry C. Szesny, Presbrey & Szesny, Ltd., Chicago, IL, for Plaintiff.

Steven C. Wolf, Wolf & Associates, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

KEYS, United States Magistrate Judge.

Before the Court are Defendants' Motion to Vacate Judgment and Amended Motion to Rescind Offer of Judgment. For the reasons set forth below, both Motions are denied.

#### Background

The Complaint herein alleges that Plaintiff was terminated by Defendants in violation of

the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. After settlement negotiations were unsuccessful, the case was set for a jury trial to commence on December 3, 1996, and the final pre-trial conference was set for the afternoon of December 2, 1996.

■ On November 22, 1996, Defendants filed their Rule 68 Offer of Judgment, offering to have judgment entered against them in the amount of $50,000.[1] The offer, in its entirety, reads as follows:

> The Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68.
>
> DICK JAMES and DICK JAMES FORD, INC.
>
> By: <u>Victoria A. Barnes</u>
> One of their Attorneys

Sometime prior to 10:00 a.m. on December 2, 1996, counsel for Plaintiff filed with the Court and with the Clerk's Office Plaintiff's Notice of Acceptance of Offer of Judgment, attaching a copy of the November 22, 1996 Offer of Judgment thereto.[2] Plaintiff's counsel also telephonically advised Defendants' counsel that morning that he would accept the Offer. Later that morning, Defendants' counsel received the Notice of Acceptance of Offer of Judgment by hand delivery, whereupon, at 10:58 a.m., Defendants' counsel telefaxed the following letter to Plaintiff's counsel:

> Dear Mr. Szesny:
>
> I just received your acceptance of our Offer of Judgment. While I certainly would have appreciated receiving some indication from you that you were considering the offer prior to this morning, I nonetheless am glad that your client has decided not to proceed with this case.
>
> Just so that there is no misunderstanding, our offer was inclusive of any and all costs and fees and there will be no additional moneys paid beyond the $50,000 offered.
>
> Very truly yours,
> Steven C. Wolf

About ten to fifteen minutes after the telefax was sent, Defendants' counsel called Plaintiff's counsel regarding the matter. During that telephone conversation, Plaintiff's counsel informed Defendants' counsel that the offer he had accepted did not include fees and costs.

The Court ordered that judgment be entered herein on December 3, 1996.

By the instant Motions, Defendants seek to rescind their Offer of Judgment and move that the Judgment entered by the Court on December 3, 1996 be vacated. Defendants advance two theories under which they contend that rescission is proper. First, they argue that Defendants' counsel made the offer under a mistake of law as to the meaning of the offer and that the mistake should have been apparent to Plaintiff's counsel. Therefore, once the mistake was discovered and communicated to Plaintiff's counsel, Defendants' counsel should have been allowed to withdraw the offer. Secondly, Defendants argue that general principles of contract law should apply and that, therefore, since there was no mutual assent as to whether the offer included fees and costs, the offer could not have been accepted by Plaintiff.

### Discussion

Having reviewed the chronology of events, as set forth above, the Court is satisfied that

---

**1.** In addition to serving Plaintiff's counsel with the Offer of Judgment, Defendants' counsel also filed the offer with the Clerk of the Court. Motion to Vacate Judgment, Exh. A. This clearly was improper. *See* 12 Wright & Miller, Federal Practice and Procedure. Civil § 3002 (1973); *Kason v. Amphenol Corp.,* 132 F.R.D. 197 (N.D.Ill. 1990).

**2.** The document states as follows:

*Notice of Acceptance of Offer of Judgment*
Plaintiff, Dennis Webb, Sr., by his attorney, Henry C. Szesny and Presbrey and Szesny, Ltd., hereby accepts the Offer of Judgment made by defendants, Dick James and Dick James Ford, Inc., in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68. A copy of the Offer Of Judgment is attached hereto.
DENNIS WEBB, SR.
By: _____
Henry C. Szesny

Defendants' November 22, 1996 Offer of Judgment was accepted by Plaintiff—by filing it with the Court and the Clerk's Office and by communicating the acceptance to Defendants—prior to Defendants' explanation to Plaintiff that the offer was meant to include fees and costs.

In support of their argument that rescission is proper here because the offer was made under a mistake of law, Defendants cite *Fisher v. Stolaruk Corporation*, 110 F.R.D. 74 (E.D.Mich.1986) and *Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714 (N.D.Ill.1988). In *Fisher*—a Fair Labor Standards Act case—the defendant's counsel mailed to Plaintiff's counsel a Rule 68 Offer of Judgment for $5,000.00 "with costs then accrued." The offer was silent as to whether it included attorneys' fees as "costs." Upon receiving the offer, Plaintiff's counsel researched the then recently-decided United States Supreme Court's decision in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) and concluded that the term "costs" did not include attorneys' fees. Thereafter, defendant's counsel—apparently realizing that he should have been more specific in his offer regarding attorney's fees—called plaintiff's counsel—who had not yet accepted the offer—and expressed his intent that the term "costs" should include attorneys' fees. Plaintiff's counsel explained that he interpreted the offer as being exclusive of attorneys' fees. Plaintiff's counsel then explained the offer to his client, who instructed him to accept the offer and to petition the court separately for attorneys' fees. Plaintiff's counsel prepared an Acceptance of Offer of Judgment. Later that day, plaintiff's counsel received a letter from defendant's counsel purporting to revoke the offer. *Fisher*, 110 F.R.D. at 75.

In *Fisher*, the district court noted that defendant's counsel had "mistakenly used the word 'costs' as a shorthand to include attorneys' fees", and that when this mistake was realized, he acted promptly to correct it before plaintiff's counsel had satisfied the technical requirements for acceptance of the offer. Under these circumstances, the court held that the defendant, having made a mistake of law as to whether the term "costs" included attorneys' fees, was entitled to rescind the offer before it was accepted. 110 F.R.D. at 76.

In *Shorter*, the defendant offered to allow judgment to be taken against it "in the sum of $125,000 together with costs accrued to this date." In his Acceptance of Offer of Judgment, plaintiff's counsel stated that plaintiff:

> accepts the offer of judgment ... allowing plaintiff to take judgment in this action for $125,000 together with costs accrued up to making of said offer. Under the case law for the wording of this offer, plaintiff's attorneys' fees and costs accrued to date of offer are to be awarded by the court.

*Shorter*, 678 F.Supp. at 717.

The defendant argued, *inter alia*, that its reading of the case law was that all Rule 68 offers of judgment include attorneys' fees and that, because the plaintiff stated in his acceptance that he gave a different interpretation than this to the term "costs", the acceptance was not valid. *Id.* The defendant filed a motion clarify or alter the judgment, after it was entered, to reflect that the $125,000 offer included attorneys' fees.[3] The basis of the motion to clarify or alter judgment was an affidavit which was offered to show that defendant intended that its offer include attorneys' fees and that plaintiff knew of this intention. Noting that the case involved an accepted offer of judgment—not a simple contract—the district court refused to consider extrinsic evidence as to the parties' intent. In so finding, the district court suggested that, had the defendant filed a motion to rescind its offer and vacate the judgment based on the ambiguity of the words used in the offer and acceptance, it might have fared better. 678 F.Supp. at 719–720. While the district court's ultimate decision in *Shorter* does not help the Defendants herein, they rely on the dicta ("suggestion") therein in filing the instant Motions. Amended Motion

---

3. The district court had "invited" the defendant to file a motion to vacate the judgment under Rule 59(e). However, the defendant filed the motion to clarify or alter the judgment, instead. 678 F.Supp. at 717–718.

to Rescind Offer of Judgment ("Amended Mot. to Rescind") at 3.

It is noted that in both *Fisher* and *Shorter,* the offers of judgment included a provision for "costs" and there were disagreements as to whether they included attorneys' fees. In *Fisher*—in addition to the fact that the defendant attempted to orally modify its offer before it was accepted—the district court found that the defendant's counsel had mistakenly used the word "costs" as a "shorthand" to include attorneys' fees. In the instant case, however, the Offer of Judgment is silent as to "costs."

Defendants' counsel argues that rescission of the Offer of Judgment is appropriate here because he made the offer under a mistake of law. While counsel does not specify the mistake of law to which he refers, the Court assumes that it was in not realizing the legal ramifications of not stating in the offer that it included attorneys' fees, which would have been a simple matter. Counsel also argues that the mistake should have been apparent to Plaintiff's counsel and that he, Defendants' counsel, acted immediately to clarify the terms of the offer before it was accepted. Amended Mot. to Rescind at 3–4.[4]

■ Based upon the current record, the Court is unable to conclude that counsel's omission of any reference as to whether Defendants' Offer of Judgment included attorneys' fees and/or costs was due to a mistake.

In this regard, Defendants' counsel submitted an affidavit to the Court in which he described the chronology of events surrounding his filing of the November 22, 1996 Offer of Judgment and the acceptance of the offer by Plaintiff on December 2, 1996. The affidavit concludes by stating that Defendants never intended to offer any amount in excess of $50,000, including fees and costs, and that he never had authority to do so. Motion to Vacate Judgment at Exh. B (affidavit of Steven C. Wolf)

Prior to filing the November 22, 1996 Offer of Judgment, the parties had—with the assistance of the Court—engaged in settlement negotiations during which Defendants indicated that they would be willing to settle the case for somewhere in the area of $30,000 to $50,000. Amended Mot. to Rescind, Exh. D at 3. Of course, Plaintiff—whose salary had been more than $100,000 per year when he worked and who had been out of work for three years—rejected that offer outright, and was seeking substantial damages in the event the case went to trial. Also, Plaintiff's attorneys' fees are estimated to be in excess of $100,000.[5] Amended Mot. to Rescind, at 4.

The Court assumes that, when he drafted the Offer of Judgment, counsel was aware of the cases, cited in his own motion, where various courts have had to grapple with this issue in the absence of specific language in such offers. In light of this knowledge, counsel could have specifically stated that the offer included attorneys' fees. The Court will not assume that the omission of such important, specific language from the offer was a mistake rather than a tactical move by Defendants. Thus, it is conceivable that Defendants—feeling confident on the eve of trial that they would prevail and that Plaintiff also realized this—felt that this was an offer which Plaintiff (and his attorneys) could not refuse because at least Plaintiff and his attorneys would recoup *some* of their losses (assuming a contingency fee agreement) rather than risk losing everything. In this scenario, Defendants could have hoped that Plaintiff's counsel would not know of his right to attorneys' fees and costs, in addition to the $50,-000 offer.[6]

It is also conceivable that Defendants, on the eve of trial, felt that their case was not as strong as earlier thought and that, in view of their potential financial exposure in the event

---

4. As set forth above, Defendants' counsel did not attempt to "clarify" the terms of the offer until after it had been accepted.

5. In fact, Plaintiff seeks a total of $136,287.48 in fees and costs through December 10, 1996. Motion for Taxation of Costs and Award of Attorneys' Fees and Expenses.

6. This could explain counsel's omission of any reference to "costs" from the offer, as it might have put Plaintiff on notice that he was entitled to costs under Rule 68.

of an unfavorable verdict—including back pay, front pay, punitive damages and attorneys' fees and costs—the risk of eventually being held liable by this Court for payment of the $50,000, plus attorneys' fees and costs, was preferable to the risk of going to trial and losing the case. The Court will not speculate as to Defendants' thinking in this regard. The fact is that Defendants, had they been interested in bringing to the attention of Plaintiff that their offer included his attorneys' fees, could have included such language in the offer.

Rule 68, as relevant herein, provides, in part, as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, **with costs then accrued.** [emphasis added]

In *Marek v. Chesny, supra,*, the Supreme Court, commenting on the **"with costs then accrued"** provision of Rule 68 stated as follows:

> \*     \*     \*     \*     \*     \*

> The critical feature of this portion of the Rule is that the offer be one that *allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued.* In other words, the drafters' concern was not so much with the particular components of offers, but with the *judgments* to be allowed against defendants. If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, see *Delta Air Lines, Inc. v. August, supra* 450 U.S.,[346] at 362, 365, 101 S.Ct.,[1146] at 1153, 1156 [67 L.Ed.2d 287 (1981)] (POWELL, J., concurring), it determines to be sufficient to cover the costs. In either case, however, the offer has *allowed* judg-

ment to be entered against the defendant both for damages caused by the challenged conduct and for costs. Accordingly, it is immaterial whether the offer recites that costs are included, whether it specifies the amount the defendant is allowing for costs, or, for that matter, whether it refers to costs at all. As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid.

*Marek v. Chesny,* 473 U.S. at 6, 105 S.Ct. at 3015 (1985)

It is noted that in most of the cases cited by Plaintiff and Defendants, the Offers of Judgment included—consistent with the language of Rule 68—the accrued costs, but neglected to mention attorneys' fees. It was in this context that the various courts were called upon to determine whether "costs" included attorneys' fees. However, in *Sas v. Trintex,* 709 F.Supp. 455 (S.D.N.Y.1989)—a case cited by Plaintiff and which facts were strikingly similar to those of the instant case—the accrued costs language was not used by the defendant in its offer. The defendant in that case—apparently being confident that it would prevail at trial—made several nuisance-value settlement offers, including a final offer of $5,000, which it knew would be rejected. When that offer was rejected, the defendant made an offer of judgment in that same amount pursuant to Rule 68. The offer was silent as to costs, however. At a final pretrial conference on the last court day before the scheduled trial, the plaintiff's counsel, to defendant's counsel's complete surprise, informed him that plaintiff had accepted the offer of judgment and that he had prepared a proposed judgment, which included costs and substantial attorneys' fees. Over the defendant's objection, the district court entered judgment, including a provision for costs and attorneys' fees.

Counsel then moved to rescind the offer of judgment and to modify the judgment already entered, arguing that plaintiff's counsel knew that the $5,000 offer of judgment was intended to be a total figure, including costs and attorneys' fees, and that plaintiff's counsel was guilty of a "sharp practice" in

accepting the offer which, by its terms, was not so limited. 709 F.Supp. at 457.

The court denied the defendant's counsel's motions to allow him to withdraw the offer and to proceed to trial or to modify the judgment, relying on the language of the Supreme Court in *Marek* that the absence of language that an offer of judgment includes costs obliges the court to include an additional amount in the judgment as costs. 709 F.Supp. at 457–458. The court noted that it appeared that the defendant's counsel never anticipated that the plaintiff would accept this offer of judgment and that, indeed, the offer would not have been accepted had it specifically stated that it included attorneys' fees.[7] The defendant's counsel, according to the court, "simply erred in failing to protect against an acceptance of the offer followed by a request for costs, including attorneys' fees." 709 F.Supp. at 458.

■ Thus, Counsel's assertion in his affidavit here that he *intended* that the Offer of Judgment include attorneys' fees is credible, but not dispositive. It is Defendants' objective intent, as demonstrated in the offer and supported by case law, rather that their subjective intent, as stated by Counsel, which controls. "The offer was what the written offer said, and it said nothing which terminated any liability [Defendants] may have had ... for Plaintiff's attorneys fees." *Shorter*, 678 F.Supp. at 720.

The fact that the Offer of Judgment herein specifically stated that it was being made pursuant to Rule 68 indicates that Defendants were familiar with the Rule, including the effect of Plaintiff's failure to respond thereto, so their failure to at least add the "accrued costs" language is inexplicable. Further, Defendants argue that, since the Offer of Judgment made no mention of fees or costs, it shows that the offer contemplated that its acceptance would fully resolve Defendants' liability. Motion to Vacate Judgment, at 5. The Court disagrees. Again, had this been the intention of Defendants, they could have clearly so stated. Moreover, Defen-

dants' arguments in this regard can be interpreted as a further indication that the omission of any reference to fees or costs was strategical and intentional rather than a mistake or "excusable inadvertence", as they claim.

Defendants' reliance upon the Tenth Circuit's decision in *Stubblefield v. Windsor Capital Group*, 74 F.3d 990 (10th Cir.1996) is both misplaced and misleading. Contrary to Defendants' assertion, the offer of judgment therein *did* mention costs. 74 F.3d at 992. Also, the Tenth Circuit did not "affirm" the district court's grant of the motion to vacate therein. It lacked jurisdiction to review the district court's decision which was the subject of the appeal because no final judgment had been entered. 74 F.3d at 997.

### Conclusion

Defendants' Offer of Judgment pursuant to Rule 68 was silent as to whether it included attorneys' fees and costs. The Court is not convinced that such silence was due to a "mistake" or "excusable inadvertence." In the absence of language indicating that the offer included attorneys' fees and costs, such fees and costs were not included in the offer, which Plaintiff accepted. Therefore, Plaintiff, as the prevailing party, is entitled to judgment in the amount of $50,000 plus costs and reasonable attorneys' fees, which amounts will be determined by the Court.

Accordingly, Defendants' Motions to Vacate Judgment and Amended Motion to Rescind Offer of Judgment are hereby denied.

---

7. Similarly, Defendants' counsel herein apparently was quite surprised that Plaintiff accepted the $50,000 offer. Otherwise, It would not have been necessary for him to clarify the offer, "so that there is no misunderstanding" in the 10:58 a.m. telefax, after Plaintiff's counsel had already informed him of his acceptance in an earlier telephone conversation.