**Dennis WEBB, Sr., Plaintiff–Appellee,**

v.

**Dick JAMES and Dick James Ford, Inc., a corporation of Illinois, Defendants–Appellants.**

Nos. 97–2287, 97–2574.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1998.

Decided June 22, 1998.

Rehearing Denied July 20, 1998.

John M. Collins, Jr., Miller, Tracy, Braun & Wilson, Chicago, IL, Henry C. Szesny, Presbrey & Szesny, Chicago, IL, James F. Wisniewski (argued), Wisniewski & McGann, Lemont, IL, for Plaintiff–Appellee in No. 97–2287.

Henry C. Szesny, Presbrey & Szesny, Chicago, IL, James F. Wisniewski (argued), Wisniewski & McGann, Lemont, IL, for Plaintiff–Appellee in No. 97–2574.

Steven C. Wolf (argued), Kathleen A. Sweitzer, Wolf & Associates, Chicago, IL, for Defendant–Appellant in No. 97–2287.

Patrick M. Ouimet, Sarles & Ouimet, Chicago, IL, Steven C. Wolf (argued), Wolf & Associates, Chicago, IL, for Defendant–Appellant in No. 97–2574.

Before BAUER, COFFEY and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

This case presents a cautionary tale for defendants and plaintiffs alike on the perils of Rule 68. In this case, a rule that was designed to encourage settlement and avoid protracted litigation has spawned more litigation. We will attempt to remove the perils (and the additional litigation) by making clear the operation of Rule 68 and the consequences that flow from Rule 68 offers of judgment, and acceptance of those offers.

## I.

Dennis Webb, Sr. filed an Americans with Disabilities action against Dick James Ford, Inc., and the company's owner, Dick James (collectively "Dick James"). Settlement negotiations yielded no resolution to the suit, and the case was set for jury trial, to begin December 3, 1996. On November 22, 1996, Dick James filed a Rule 68 Offer of Judgment, which read, in full:

> The Defendants, Dick James and Dick James Ford, Inc., by their attorneys, Steven C. Wolf and Victoria A. Barnes, hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68.

The offer was signed for defendants by their attorney, Victoria A. Barnes. On its face, the offer did not address costs or fees.

Before ten days passed, on the day before trial was to begin, Webb filed with the court a Notice of Acceptance of Offer of Judgment. Upon learning of the acceptance, the defendants' attorneys faxed a letter to and telephoned plaintiff's counsel, to clarify that the offer was all-inclusive, and that defendants had no intention of paying any additional sums for attorney's fees. Plaintiff's counsel took exception to this interpretation of the offer, citing case law that allowed a plaintiff to recover additional amounts for attorney's fees when the Rule 68 offer failed to include fees. That afternoon, the parties took their new dispute into court, at a previously scheduled pretrial conference. After hearing argument, the court entered judgment and allowed plaintiff to submit a fee application. The defendants subsequently moved to vacate the judgment and to rescind the offer of judgment.

Dick James argued to the district court that rescission of the Rule 68 "contract" was proper because defendants' counsel made the offer under a mistake of law, and that the mistake should have been apparent to the plaintiff. Dick James also contended that general principles of contract law should apply to Rule 68 offers, and that the agreement should be rescinded because there was no mutual assent as to whether it included fees and costs. Finally, Dick James moved to vacate the judgment pursuant to Rule 60(b), citing subsections (1), (4) and (6), claiming,

respectively, mistake or inadvertence in the offer, that the judgment was void, and that other reasons justified relief from the operation of the judgment. The district court denied the motions to vacate and to rescind the offer of judgment, and awarded plaintiffs $98,773.65 in fees, costs and expenses. Dick James appealed, challenging every ruling of the district court, including the amount of fees awarded.

## II.

█ We begin by examining Rule 68 because the offer and acceptance at issue here took place in the context of that Rule. Rule 68 provides, in relevant part:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

The purpose of the rule is to encourage settlement and avoid protracted litigation. *Marek v. Chesny*, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ("[t]he plain purpose of Rule 68 is to encourage settlement and avoid litigation."); *Grosvenor v. Brienen*, 801 F.2d 944, 945 (7th Cir.1986) (intent of Rule 68 is to encourage settlement by removing plaintiff's incentive to pursue a claim whose final probable outcome is not more favorable than defendant's offer); *Mallory v. Eyrich*, 922 F.2d 1273, 1277 (6th Cir.1991) (primary purpose of Rule 68 is to encourage compromise and settlement of litigation; Rule 68 discourages protracted litigation and vexatious lawsuits).

The first question we must address is whether the doctrine of rescission is applicable to Rule 68 offers of judgment. Dick James contends that rescission is appropriate when a party makes a mistake of law and when (1) the mistake is of such consequence that enforcement of the offer would be unconscionable; (2) the mistake is material; (3) the mistake occurred regardless of the exercise of ordinary care; and (4) it is possible to return the other party to *status quo ante*. *See Fisher v. Stolaruk Corp.*, 110 F.R.D. 74, 76 (E.D.Mich.1986). Dick James faults the district court for failing to analyze its claim for rescission according to those standards, and instead analyzing it under the doctrine of revocation. Revocation, the defendants claim, is applicable before an offer has been accepted, and rescission is applicable after acceptance. Because everyone agrees that Webb accepted the offer when he filed notice with the court, Dick James contends that the district court should have applied the doctrine of rescission.

The defendants are correct that, in general, courts use contract principles to interpret offers of judgment. *See Erdman v. Cochise County, Arizona*, 926 F.2d 877, 880 (9th Cir. 1991) (typically, a settlement agreement is analyzed in the same manner as any other contract); *Mallory*, 922 F.2d at 1279–80 (in cases construing Rule 68 judgments where the parties disagree as to what was intended, courts apply contract principles); *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988) ("[t]o decide whether there has been a valid offer and acceptance for purposes of Rule 68, courts apply the principles of contract law"); *Johnson v. University College of University of Alabama*, 706 F.2d 1205, 1209 (11th Cir.1983), *cert. denied*, 464 U.S. 994, 104 S.Ct. 489, 78 L.Ed.2d 684 (1983) (same). However, whether traditional contract *defenses* apply to Rule 68 offers of judgment is quite a different matter. In general, courts have held, for example, that Rule 68 offers of judgment may not be revoked during the 10 day period set by the Rule. *See Richardson v. National R.R. Passenger Corp.*, 49 F.3d 760, 764 (D.C.Cir.1995) (all federal courts to consider the issue have treated Rule 68 offers as generally irrevocable during the 10

day period) (citing *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1240 (4th Cir., 1989); *Fisher*, 110 F.R.D. at 75; *Radecki*, 858 F.2d at 402 (in *dicta*)). *See also* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2d, § 3004 (1997) (the courts have agreed with one of the drafters of the Rule that Rule 68 offers cannot be withdrawn once served).

The courts also agree on the reasons for not allowing revocation during the 10 day period. Unlike an ordinary contract offer, "a Rule 68 offer imposes certain consequences that can be costly for the plaintiff who declines the offer. The Rule is thus designed to put significant pressure on the plaintiff to think hard about the likely value of its claim as compared to the defendant's offer. In return, the plaintiff, as we understand the scheme, is guaranteed 10 days to ponder the matter (as though the plaintiff had paid for a 10–day option)." *Richardson*, 49 F.3d at 765. Similarly, because rejection of the offer can have serious consequences for the plaintiff, courts have rightly been reluctant to allow defendants to challenge the meaning of an offer of judgment, either before or after acceptance. *Erdman*, 926 F.2d at 880–81 (citing *Rateree v. Rockett*, 668 F.Supp. 1155, 1159 (N.D.Ill.1987) for the proposition that "it would be ludicrous and manifestly unjust to allow the Defendants to argue after the fact that their offer really means more than it says."). *See also Shorter v. Valley Bank & Trust Co.*, 678 F.Supp. 714, 719–20 (N.D.Ill. 1988). The district court in *Shorter* noted that a plaintiff who receives a Rule 68 offer is in a difficult position because the offer has a binding effect when refused as well as when accepted. Because of this, the court was reluctant to conclude that an offer of judgment was ambiguous. "Unless the defendant allows the plaintiff to resolve or eliminate ambiguities, the plaintiff will be forced to guess whether and how the court would interpret the extrinsic evidence. Adherence to the language of the offer whenever possible alleviates this unfairness to the plaintiff." 678 F.Supp. at 719–20. We believe there is an additional reason for district courts to refuse to consider challenges to the terms of a Rule 68 offer. Such challenges undermine the Rule's purpose of encouraging set-tlement and avoiding protracted litigation. *Sas v. Trintex*, 709 F.Supp. 455, 458 (S.D.N.Y.1989) (subjecting Rule 68 offers to collateral proceedings concerning defendant's intentions in making the offer and plaintiff's assumptions in accepting would undermine entirely the purpose of the Rule).

The same reasons persuade us to reject application of the doctrine of rescission in the context of a Rule 68 "contract." As other courts have noted, plaintiffs are at their peril whether they accept or reject a Rule 68 offer. In cases where a statute provides for attorneys fees to a prevailing plaintiff, the stakes are even higher. In *Marek*, the Supreme Court held that where an underlying statute defines "costs" to include attorney's fees, those fees are to be considered costs for Rule 68 purposes. 473 U.S. at 9, 105 S.Ct. 3012. As a practical matter, this means that a plaintiff who refuses a Rule 68 offer may lose entitlement to some portion of attorneys fees if the plaintiff does not recover more in the litigation than the defendant offered in settlement via Rule 68. Rule 68 "contracts" should therefore be treated differently than ordinary contracts.

But rescission is inapplicable for an even more important reason, a reason that illustrates a critical difference between ordinary contract offers and Rule 68 offers. Rule 68 operates automatically, requiring that the clerk "shall enter judgment" upon the filing of an offer, notice of acceptance and proof of service. This language removes discretion from the clerk or the trial court as to whether to enter judgment upon the filing of the accepted offer. *See Mallory*, 922 F.2d at 1279. Because of this mandatory directive, the district court has no discretion to alter or modify the parties' agreement. "Entry of a Rule 68 judgment is ministerial rather than discretionary." *Id.* Thus, there is no opportunity for a district court to even consider allowing rescission of the Rule 68 "contract." Once the acceptance has been properly filed, judgment must be entered.

### III.

This does not mean, of course, that there can be no relief from a judgment en-

tered as a result of a Rule 68 offer and acceptance. Rather, the proper procedural device for relief from a Rule 68 judgment is the same as for any other judgment: Rule 60. *Richardson,* 49 F.3d at 765. Rule 60(b) provides in relevant part that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (4) the judgment is void; ... or (6) any other reason justifying relief from the operation of the judgment." Dick James moved for Rule 60(b) relief in the alternative to rescission, and so that issue is now also properly before the court.

As Dick James correctly concedes, 60(b)(6) relief is available only when sections (b)(1) through (b)(5) do not apply. *Brandon v. Chicago Board of Education,* 143 F.3d 293, 295 (7th Cir.1998). Because we conclude that Rule 60(b)(1) is applicable, Dick James is not entitled to relief under 60(b)(6). We also reject the claim that defendants are entitled to relief pursuant to Rule 60(b)(4) because the judgment here is not void. A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law. *Margoles v. Johns,* 660 F.2d 291, 295 (7th Cir.1981), *cert. denied,* 455 U.S. 909, 102 S.Ct. 1256, 71 L.Ed.2d 447 (1982). Dick James does not allege that the district court lacked jurisdiction or that it acted without due process when it entered the judgment, and Rule 60(b)(4) is therefore inapplicable.

Rule 60(b)(1) provides Dick James' only avenue of relief because by Dick James' own description of the problem, its attorneys simply did not understand the import of the words they used in the Rule 68 offer of judgment. In other words, they made a mistake. By their own admission, Dick James' attorneys neglected to conduct any research into Rule 68 before extending the offer of judgment (other than reading the Rule itself), and were apparently unaware of the Supreme Court's holding in *Marek.* Determining whether this neglect was excusable was within the sound discretion of the district court. *Robb v. Norfolk & Western Rail-*

*way Co.,* 122 F.3d 354, 357 (7th Cir.1997); *Helm v. Resolution Trust Corp.,* 84 F.3d 874, 878 (7th Cir.1996) (attorney error may constitute excusable neglect but whether the neglect was excusable is within the sound discretion of the trial court). The determination is an equitable one, taking into account all of the relevant circumstances of the party's omission. *Robb,* 122 F.3d at 359. We cannot say that the district court abused its discretion in finding that Dick James' error was not excusable. After all, Rule 68 itself alerts the reader to the issue of costs, the ADA provision granting attorney's fees is clear and unambiguous, and *Marek* was decided in 1985, more than a decade before Dick James extended its offer of judgment. The district court was not obliged to relieve Dick James of the burden of a unilateral mistake of law regarding the effect of *Marek* or the attorney's fees provision of the ADA.

And the effect of *Marek* is clear. Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them. 473 U.S. at 9, 105 S.Ct. 3012. Where costs are defined in the underlying statute to include attorney's fees, the court may award fees as part of costs as well. 473 U.S. at 9, 105 S.Ct. 3012. We must look, therefore, to that part of the ADA that addresses costs and fees to determine whether Congress defined costs to include fees. Under the ADA, "[i]n any action or administrative proceeding commenced pursuant to this chapter, the court ... in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expense, and costs." 42 U.S.C. § 12205. Under the plain language of this section, Congress did not define costs to include fees for the purposes of the ADA. This language differs, for example, from the fee provision in a § 1983 action, where the Court found that costs were defined to include attorney's fees. *Marek,* 473 U.S. at 9, 105 S.Ct. 3012 (pursuant to 42 U.S.C. § 1988, a prevailing party in a § 1983 action may be awarded attorney's fees "as part of costs."). Under *Marek,* Webb is entitled to costs over and above the amount specified in the Rule 68 offer. But Webb is

not entitled to fees as part of an award of costs.

That conclusion does not end the inquiry, however. The ADA provides for an award of attorney's fees to a prevailing party, and as we discuss below, Webb prevailed in his ADA claim. We must interpret Dick James' silence on fees in the context of the ADA fees provision and Rule 68. The district court concluded that the omission of any mention of fees was not a mistake, but rather a tactical move on the part of Dick James. *Webb v. James*, 172 F.R.D. 311, 314 (N.D.Ill. 1997). The court made this factual finding after reviewing affidavits from Dick James' attorneys and considering all the relevant circumstances leading up to the Rule 68 offer. We are obliged to defer to the district court's finding, and we have no reason to doubt its correctness. The court declined to speculate about defendants' motives for drafting the offer as they did, but noted that defendants could easily have drafted the offer to signal Webb that it was inclusive of attorney's fees. *Id.*, 172 F.R.D. at 315. We are inclined to agree with the district court that defendants should bear the burden of the ambiguity created by their silence on fees. The ADA provides for attorney's fees for the prevailing party and defendants said nothing in the offer to terminate that statutory liability. *Id.*, 172 F.R.D. at 316. Because Rule 68 puts plaintiffs at their peril whether or not they accept the offer, the defendant must make clear whether the offer is inclusive of fees when the underlying statute provides fees for the prevailing party. As with costs, the plaintiff should not be left in the position of guessing what a court will later hold the offer means. *See Erdman*, 926 F.2d at 879–80 (plaintiff entitled to rely on plain language of offer, and when offer is silent as to fees, plaintiff entitled to reasonable fees in addition to lump sum offered). This holding is consistent with the rule of contract construction requiring that ambiguities in a contract be construed against the drafter. *See WH Smith Hotel Services, Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429 (7th Cir.1994) (under well-settled law, ambiguous contracts are construed against their drafters). The defendant is always free to offer a lump sum in settlement of liability, costs and fees, but that is not what Dick James did here. Dick James' offer was silent as to fees and costs, and under these circumstances, the court may then award an additional amount to cover costs and fees.

## IV.

Dick James also contends that Webb is not entitled to attorney's fees because his recovery was *de minimis* in comparison to the amount of damages he sought in his complaint. Defendants alternatively quibble with the amount of attorney's fees awarded to Webb because Webb had a contingency fee agreement with his attorneys, and because the fees are disproportionate to the recovery achieved. We have examined Dick James' arguments in regard to the award of fees and find them without merit. Webb's recovery was neither *de minimis* nor disproportionate to the recovery achieved. *See Lenard v. Argento*, 808 F.2d 1242, 1247 (7th Cir.1987) (contingent fee contract not conclusive evidence of reasonable fee because plaintiff's attorney may not have been willing to take on the case except for the hope of an additional award pursuant to statute); *Fisher v. Kelly*, 105 F.3d 350, 353 (7th Cir.1997) (a party prevails where the lawsuit is causally linked to the relief obtained and where defendant has not acted gratuitously in settling (as in the case of a frivolous, unreasonable or groundless suit)). Furthermore, the district court carefully considered the amount of fees awarded, and we have no reason to find it abused its discretion in determining that amount. Because the district court was justified in awarding fees and in awarding them in the amount it determined proper, we affirm the judgment in every respect.

Affirmed.