MARCUS, Circuit Judge,
specially concurring:
I concur in the majority’s thoughtful and thorough opinion but write separately to stress what I take to be its limits. Insofar as the majority’s opinion determines that a plaintiff accepting a Rule 68 offer that includes injunctive relief is a “prevailing party,” I concur. I think, however, that the majority’s opinion may aim to resolve the question of whether accepting any Rule 68 offer — even one not including in-junctive relief — renders a plaintiff a “prevailing party.” Because this question need not be addressed on the peculiar facts of this case, I do not believe the majority’s opinion should be read to resolve it.
At issue in this appeal is whether a plaintiff who has accepted a Rule 68 offer including costs but silent on its face about attorney’s fees may recover its attorney’s fees either through operation of the Rule 68 offer itself or through other means when the authorities underlying the suit are ambiguous about whether the term “costs” is defined to include attorney’s fees. The majority holds, correctly in my view, that such a plaintiff may not rely on the Rule 68 offer itself, but may be entitled to recover its attorney’s fees through independently available means, such as a contractual or statutory provision awarding fees to a “prevailing party.”
In determining that the plaintiff in this case, Utility Automation 2000, Inc., (“UA 2000”) is entitled to its attorney’s fees under such a “prevailing party” provision, the majority appears to conclude that the acceptance of any Rule 68 offer renders a plaintiff a “prevailing party.” I am convinced we can resolve this case on narrower and surer grounds, however, because the injunctive relief contained in the Rule 68 offer in this case plainly renders UA 2000 a “prevailing party.” Accordingly, I would reserve for another ease the broader and more difficult question of whether accepting any Rule 68 offer makes a plaintiff a “prevailing party.”
The difficulty in the broader question arises from the lack of judicial review ordinarily afforded the terms of a Rule 68 offer. As noted by the majority, the Supreme Court has recently determined that, to be a “prevailing party,” a party must obtain “a judicially sanctioned change in the legal relationship of the parties.” Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res., 532 *1250 U.S. 598, 605, 121 S.Ct. 1835, 1840, 149 L.Ed.2d 855 (2001) (emphasis added).[1] It is not, however, altogether clear to me that an ordinary Rule 68 judgment can be said to be “judicially sanctioned.” While a Rule 68 judgment is, like any other judgment including those entered pursuant to consent decrees, directly enforceable by the court,[2] entry of a Rule 68 judgment is generally “ministerial rather than discretionary,” Webb v. James, 147 F.3d 617, 621 (7th Cir.1998), leaving a district court no room to review the terms of a Rule 68 offer. See Jordan v. Time, Inc., Ill F.3d 102, 105 (11th Cir.1997) (“[T]he mandatory language of the rule leaves no room for district court discretion. When a proper Rule 68 offer is made and the other requirements of the rule are met, the district court must award costs measured from the time the offer was served.”); Mallory v. Eyrich, 922 F.2d 1273, 1278 (6th Cir.1991) (“The district court retains no discretion under Rule 68 to alter the rule’s sometimes severe application. Operation of Rule 68 is mandatory.”). As the majority itself notes, a Rule 68 judgment thus seems to bear a fainter judicial imprimatur than, say, a consent decree, the terms of which a district court must review before entering. See ante at 1248 (“Admittedly, an offer of judgment falls somewhere between a consent decree and the minimalist ‘catalyst theory the Court rejected in Buckhannon.”).
Is this faint judicial imprimatur enough to render a plaintiff “prevailing” as that term has been construed by Buckhannon? I am uncertain of the answer to this question. Buckhannon only instructs us that “enforceable judgments on the merits” and “court-ordered consent decrees” bear a sufficient judicial imprimatur to render a party “prevailing,” Buckhannon, 532 U.S. at- 604, 121 S.Ct. at 1840, while a private settlement does not, see id., 532 U.S. at 605, 121 S.Ct. at 1840 (“A defendant’s voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.”) (emphasis in original). Buck-hannon does not describe how much or what kind of judicial imprimatur must be stamped on a judgment before it renders a party “prevailing.” Because a Rule 68 judgment falls somewhere between a consent decree and a- purely private settlement in the degree of judicial involvement in its entry and enforcement, we would be forced to navigate unfamiliar and uncertain terrain in determining on which side of the line Rule 68 judgments fall.
We are not, however, required to resolve that question in this case. While entry of a Rule 68 judgment is ordinarily “ministerial rather than discretionary,” Webb, 147 F.3d at 621, “this general statement is too broad to encompass all instances in which Rule 68 offers are made,” 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3005 (2d ed. 1997). There are myriad *1251 settings in which a court has an independent duty, much like the duty created by a proposed consent decree, to review the terms of a settlement-offer; Rule 68’s operation does not relieve the court of that duty:
[I]n class actions the court has an independent duty under Rule 23(e) to decide whether a settlement is acceptable, and Rule 68 cannot remove that authority and duty. Beyond that, the court must retain authority to evaluate a proposed judgment for injunctive relief ... The decision whether to enter any injunction is ultimately within the court’s discretion. ... Certainly, the court may.not enter an injunction that calls for an illegal act simply because the parties have agreed to it.... As a general matter, consent decrees present peculiar difficulties for courts, and they create particular risks regarding the possible impact or a resulting injunction on nonparties.
Id. (emphasis added). Thus, “[a]t least in cases seeking injunctions or similar judgments, therefore, the court cannot be compelled to enter the agreed judgment even though it emerged from a Rule 68 offer and acceptance.” Id; see also Martin v. Mabus, 734 F.Supp. 1216, 1222 (S.D.Miss. 1990) (“[Tjhe procedures prescribed by rule 68 for making an offer of judgment are literally inapplicable because rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised.”).
Essentially, then, the presence of injunctive relief in a Rule 68 offer renders it the functional equivalent of a proposed consent decree by requiring a court to review the terms of the offer. Consequently, a Rule 68 judgment including injunctive relief clearly bears a sufficient judicial imprimatur to satisfy Buckhannon. Cf. Am. Disability Ass’n, Inc. v. Chmielarz, 289 F.3d 1315, 1319 n„ 2 (11th Cir.2002) (“[T]he district court’s explicit approval of the settlement and express retention of jurisdiction to enforce its terms, are the functional equivalent of a consent decree....”).
Notably, the Rule 68 offer in this case included, in addition to an offer of $45,000, a promise by the defendants to “refrain from competing with Plaintiff for a period of thirty (30) days from the date of acceptance of this Offer.” The presence of this proposed injunctive relief provided the district court with the authority, indeed imposed the obligation, to review its terms before entry. We should conclude, then, that the judgment entered pursuant to this offer renders UA 2000 a prevailing party. It is on these grounds that I would reverse the district court’s denial of attorney’s fees, while leaving for another day the more general question of whether all Rule 68 judgments satisfy Buckhannon.

. While Buckhannon!& interpretation of "prevailing party” applies only to the “[n]umerous federal statutes [that] allow courts to award attorney’s fees and costs to the 'prevailing party,' " Buckhannon, 532 U.S. at 600, 121 S.Ct. at 1838, and does not by its own terms apply to state statutes or private contracts, the interpretation is of a common law term, incorporated, into statute by numerous legislatures, which has long been in use both in federal and state courts. See id., 532 U.S. at 610-11, 121 S.Ct. at 1843 (Scalia, J., concurring) (" 'Prevailing party' is not some newfangled legal term invented for use in late-20thcentury fee-shifting statutes. By the long established practice and universally recognized rule of the common law, in actions at law, the prevailing party is entitled to recover a judgment for costs.”) (citations and quotations omitted).

. See, e.g., Mallory v. Eyrich, 922 F.2d 1273, 1276 (6th Cir.1991) (district court entered remedial order enforcing Rule 68 judgment).