Don WYATT, Plaintiff—Appellee,

v.

RALPHS GROCERY COMPANY,
Defendant—Appellant.

Don Wyatt, Plaintiff–Appellant,

v.

Ralphs Grocery Company,
Defendant–Appellant.

Nos. 02–55571, 02–55750.
D.C. No. CV–00–01260–DOC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 6, 2003.

Decided March 14, 2003.

Before LAY,* HAWKINS, and
TALLMAN, Circuit Judges.

MEMORANDUM**

Don Wyatt filed an action against
Ralphs Grocery Co. (Ralphs) for violating

---

\* Honorable Donald P. Lay, Senior United
States Circuit Judge for the Eighth Circuit,
sitting by designation.

\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

the Americans with Disabilities Act (ADA) and the California Unruh Act by not providing an adequate method for Wyatt—who uses a wheelchair—to enter Ralphs. The district court conducted a bench trial and ruled in favor of Wyatt, awarding $1,001 in damages. The district court also granted Wyatt's request for attorney fees and awarded $32,455.90. Ralphs appealed. "Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo." *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 (9th Cir.2002). We affirm.

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The ADA prohibits many specific types of "discrimination," including the "failure to remove architectural barriers ... where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

■ Ralphs violated the ADA in two ways. First, Ralphs failed "to remove architectural barriers ... where such removal is readily achievable" because Ralphs did not maintain the accessibility of a gate adjacent to the turnstile. Failure to provide a working gate adjacent to a turnstile is a violation of § 4.13.2 of the ADA Accessibility Guidelines (ADAAG), which dictate specific requirements for compliance with the ADA. Violations of ADAAG standards indicate the existence of an architectural barrier. *See Parr v. L&L Drive–Inn Rest.*, 96 F.Supp.2d 1065, 1086 (D.Haw. 2000).

Second, Ralphs violated the ADA by not providing "full and equal" access to the store. 42 U.S.C. § 12182(a). The district court correctly concluded that forcing wheelchair users through unused checkout aisles is not "reasonable access and is not consistent with the public policy interest in providing physically handicapped persons with equal access." Because Ralphs violated the ADA, Ralphs necessarily violated California's Unruh Act. *See* Cal. Civ.Code § 51(f).

Ralphs also challenges the district court's award of attorney fees. We review the award of attorney fees for an abuse of discretion. *Hemmings v. Tidyman's, Inc.*, 285 F.3d 1174, 1200 (9th Cir.2002). We find none here.

■ Ralphs initially argues that Wyatt prevailed only on a limited set of his claims and so should not have received the bulk of his attorney fees. The flaw in Ralphs' argument is that Wyatt prevailed nearly across the board. The district court noted that Wyatt "did obtain a considerable degree of success.... He was largely successful in seeking his relatively limited relief." The only relief sought by Wyatt but not ordered by the district court was Wyatt's request for injunctive relief. But the district court only denied the injunctive relief because of Ralphs' "unpalatably late compliance" with the ADA, finished only four days before trial, which rendered injunctive relief unnecessary.

■ Ralphs' second argument is that its offer of judgment pursuant to Federal Rule of Civil Procedure 68 should have precluded Wyatt from collecting post-offer fees. Rule 68 only shifts fees where the statute authorizing the collection of fees defines fees as an item of costs, such as 42 U.S.C. §§ 1983 & 1988. *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). The ADA provides for attorney fees as follows: "the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C.

§ 12205. This provision does *not* define costs to include fees. *See Webb v. James,* 147 F.3d 617, 622–23 (7th Cir.1998). The district court correctly held that Rule 68's cost-shifting device does not apply to fees under the ADA.

Ralphs also argues that the district court abused its discretion in awarding several specific categories of fees. Ralphs' arguments are unpersuasive as to each category.

Lastly, Ralphs contends that the district court abused its discretion by not allowing Ralphs to pursue discovery of Wyatt's attorneys in connection with the motion for attorney fees. But Wyatt's counsel submitted to the court an eight-page, item-by-item breakdown of the attorney fees incurred in the case. Given the thoroughness of this disclosure, it was not an abuse of discretion to deny Ralphs' request for further discovery.

AFFIRMED.