Sue AYNES, Plaintiff,

v.

SPACE GUARD PRODUCTS, INC., Defendant.

No. IP 99–1299–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

July 23, 2001.

John H. Haskin, Haskin Lauter Cohen & Larue, Indianapolis, IN, for Plaintiff.

J. Michael Southerland, Law Offices of J. Michael Southerland, Plymouth, MI, Michael Thomasson, Columbus, IN, for Defendant.

### ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES AND COSTS

BARKER, Chief Judge.

In August 1999, Plaintiff Sue Aynes filed a complaint against Defendant, Space Guard Products, Inc. ("Space Guard"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities' Act ("ADA"), 42 U.S.C. § 12101 *et seq.* On April 5, 2001, the Court entered final judgment for Plaintiff in accordance with Plaintiff's acceptance of Defendant's Offer of Judgment. Now before the Court is Plaintiff's Petition for Attorney Fees & Costs. For the reasons set forth below, the Plaintiff's Petition is *GRANTED* with respect to her claim of costs and in a reduced amount in regard to attorney's fees.

### *Facts*

Plaintiff's complaint alleged that she was the subject of sexual harassment, sex discrimination and retaliation, and disability discrimination while employed by Defendant. Ms. Aynes filed an amended complaint on February 7, 2000, omitting a defendant who was previously included in the original complaint. Plaintiff and Space Guard proceeded to litigate their dispute, developing and following the Court's Case Management Plan. Plaintiff was deposed, but numerous disputes arose and were litigated regarding various discovery matters. The Defendant prepared and served its Motion for Summary Judgment Plaintiff in March 2001. Before Plaintiff prepared a response, on April 5, 2001, Defendant made an Offer of Judgment ("Offer"), pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Offer stated in full:

> "Defendant, Spaceguard, Inc., by it's [sic] attorneys, J. Michael Southerland, P.C., pursuant to FRCP 68 offers to stipulate to entry of judgment against it in the amount of Seven Hundred Fifty ($750.00) dollars."

Ms. Aynes accepted the Offer and the Court entered Judgment for Plaintiff on April 6, 2001. Plaintiff thereafter filed this Petition for Attorney's Fees & Costs, requesting costs in the amount of $454.37 and attorney's fees of $23, 212.50.

Defendant opposes Plaintiff's request for reimbursement of fees and costs and advances three arguments against our entering such an award: (1) Plaintiff's acceptance of the Offer of Judgment bars any post-judgment attempt to recover costs and attorney's fees; (2) If the parties were not in agreement regarding the terms of the judgment, then the Court should set aside the judgment and allow the case to proceed on the motion for summary judgment; and (3) Plaintiff is not considered a "prevailing party" because Defendant's offer to settle was based solely upon the case's "nuisance value." Defendant's Brief in Response to Plaintiff's Petition for Attorney's Fees & Costs ("Defendant's Response") at ¶¶ 1–3.

### Analysis

Rule 68 of the Federal Rules of Civil Procedure provides that a defendant may extend an offer allowing "judgment to be taken against the defending party for the money . . . specified in the offer, *with costs then accrued.*" Fed.R.Civ.P. 68 (emphasis added). If the plaintiff rejects the offer and subsequently recovers a smaller judgment than that which was offered, the plaintiff is responsible for all costs incurred after the offer of judgment was extended. *Id.* For our purposes, the more important part of the rule provides that the acceptance of the offer allows judgment to be taken against the defendant for both *"the damages caused by the challenged conduct and the costs then accrued." Webb v. James,* 172 F.R.D. 311, 314 (N.D.Ill.1997) (emphasis in original). Because Ms. Aynes accepted the Offer of Judgment and now seeks costs and attorney's fees, which request Space Guard disputes, we must decide whether Plaintiff is entitled to a recovery of costs under Rule 68 and, if so, whether attorney's fees can be included as costs. In deciding these issues, we look to the language of Rule 68 in light of Title VII and the ADA and apply that understanding to the particular facts of this case.

### Rule 68 Permits Post–Judgment Recovery of Costs

■ Space Guard contends that Plaintiff's acceptance of the Offer of Judgment as it was written bars any post-judgment recovery of costs. Defendant relies primarily on the case of *Nordby v. Anchor Hocking Packaging Co.,* 199 F.3d 390 (7th Cir.1999). Defendant's Response at ¶ 1. In *Nordby,* the Seventh Circuit held that the offer of judgment was unambiguous and that it included costs, reasoning that since the offer was unambiguous, the plaintiff could not seek recovery of costs after the acceptance of the offer. *Id.* at 392. However, if an offer is ambiguous, any ambiguities are to be construed against the drafter. *Webb v. James,* 147 F.3d 617, 623 (7th Cir.1998). In *Webb,* the Seventh Circuit held that "defendants should bear the burden of the ambiguity created by their silence on fees," and that a plaintiff should not be made to guess what the offer includes when asked to consider a Rule 68

offer. *Id.* Thus, it is clear that Plaintiff's acceptance of Defendant's offer is not controlling unless the offer is unambiguous; only then would Plaintiff's acceptance preclude post-judgment recovery of costs and attorney's fees.

■ We move next to a determination of whether the offer at issue here is ambiguous. *Nordby* illustrates the Seventh Circuit's view of ambiguity in a Rule 68 context. The terms of the offer in *Nordby* allowed for "judgment in the amount of $56,003.00 *plus $1,000 in costs as one total sum as to all counts* of the amended complaint." *Nordby,* 199 F.3d at 391 (emphasis added). The Seventh Circuit held this offer was unambiguous for two reasons; first, because the offer clearly mentions costs and, second, because one of the counts in the amended complaint was based upon a provision of Illinois law expressly providing for attorney's fees. *Id.* at 392–93. The offer in *Webb* is markedly ·distinguishable from the unambiguous offer in *Nordby.* In *Webb,* the offer states, in relevant part, "[t]he Defendants . . . hereby make an offer of judgment in the above-captioned matter in the amount of Fifty Thousand Dollars ($50,000.00) pursuant to Federal Rule of Civil Procedure 68." *Id.* at 619. Costs are not mentioned, nor are any of the specific claims alleged by the plaintiff's complaint. The Seventh Circuit affirmed the district court's determination that this offer was ambiguous. *Id.* at 623.

Like the offer in *Webb,* Space Guard's Offer is less than a model of clarity. As previously noted, the Offer states in its entirety:

> "Defendant, Spaceguard Inc., by it's [sic] attorneys J. Michael Southerland, P.C., pursuant to FRCP 68 offers to stipulate to entry of judgment against it in the amount of Seven Hundred Fifty ($750.00) dollars."

The Offer makes no reference to costs, attorney's fees, or any of the specific claims alleged in Plaintiff's amended complaint. Thus, it is impossible to determine from the face of the offer whether the stated amount includes costs and fees. Although *Nordby,* 199 F.3d at 393, rejects a "magic words approach," indicating that an offer does not

have to mention attorney's fees explicitly to be unambiguous, it also reaffirms the holding of *Webb*. Defendant's Offer here closely resembles the offer in *Webb* in that neither of these offers mentions costs. *Id.* Therefore, following the guidance of the Seventh Circuit in *Webb*, we hold that the Offer in the case at bar is ambiguous and that Defendant's argument to the contrary must fail. Plaintiff's acceptance of the Offer of Judgment does not therefore preclude her recovery of costs or attorney's fees because the offer was ambiguous and any ambiguities must be resolved against Defendant. *Id.*

### Rule 60 Does Not Provide Relief from Judgment or Order

■ Defendant argues, in effect, that if its interpretation of the Offer is incorrect, then the two sides did not have an agreement. On that basis, Space Guard contends that the Court should set aside the judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. We address this issue at this point in our analysis because its resolution necessarily involves an examination of the terms and language of the Offer itself.

■ Space Guard fails to identify which part of Rule 60 it wishes to invoke to have the judgment set aside. We assume Defendant seeks relief from judgment under Rule 60(b)(1), on the grounds of "mistake, inadvertence, surprise or excusable neglect." Fed. R.Civ.P. 60(b)(1). In the present case the only available basis would be excusable neglect. This argument, however, is unconvincing. The Seventh Circuit states in *Webb*, 147 F.3d at 622, that it is within the sound discretion of the district court to determine whether an incident of neglect is excusable. Accordingly, we do not believe that the neglect here is excusable. Any effort to research Rule 68 would have alerted an attentive lawyer to the possibility of attorney's fees being included under the rule, and in fact a host of examples demonstrating how to draft a Rule 68 offer in order to avoid the present confusion was also readily available. *Id.* Further, the language of Rule 68 itself provides that costs are to be included. *Id.;* Fed.R.Civ.P. Rule 68. Finally, to set aside the judgment and allow the litigation to continue would most certainly undermine the purpose of the

Rule, "[t]he purpose of [which] is to encourage settlement and avoid protracted litigation." *Webb*, 147 F.3d at 619. Therefore, we deny Defendant's alternative request to set aside the judgment.

### Post–Judgment Award of Costs When Offer is Ambiguous

■ Given that the Offer here is silent as to costs and fees, we next examine the language of the underlying substantive statutes. The beginning point is the requirement that Rule 68 offers must include costs. *Webb*, 147 F.3d at 622. Where the offer is silent as to costs, the court may award an additional amount to cover them. *Id.; see also Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ("[I]f the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion … it determines to be sufficient to cover the costs.") (internal citations omitted). Resolving ambiguities against the drafter, we hold that Plaintiff is entitled to an additional amount to cover costs, pursuant to Rule 68. Plaintiff's Petition for Attorney Fees and Costs seeks a total reimbursement of costs in the amount of $454.37. We have reviewed the itemized costs and view this amount to be reasonable and appropriate. Therefore, we shall award Plaintiff the requested $454.37.

### Costs and Fees Under Title VII and the ADA

■ Finally, we consider whether attorney's fees are to be considered "costs" under Rule 68 and whether Plaintiff is entitled to recover attorney's fees in this case. Attorney's fees are considered "costs" under Rule 68 when the underlying statute provides for attorney's fees to be awarded as part of the costs. *Marek*, 473 U.S. at 2, 105 S.Ct. 3012 ("[T]he term costs in the Rule was intended to refer to all costs properly awardable under the relevant substantive statute."). Ms. Aynes' lawsuit set out claims under both Title VII and the ADA. In a Title VII action, attorney's fees are expressly categorized as costs by 42 U.S.C. § 1988(b), which

states: "[T]he court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Similarly, a plaintiff who is a "prevailing party" in an ADA action may be awarded reasonable attorney's fees, including litigation expenses and costs.[1] 42 U.S.C. § 12205 ("[T]he court, ... in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expense, and costs."). Plaintiff is entitled to reasonable attorney's fees if she is found to be a "prevailing party" for the purposes of the underlying statute.

### Plaintiff's Status as a "Prevailing Party"

■ Whether Plaintiff is properly to be considered a "prevailing party" for the purpose of recovering attorney's fees was the issue addressed in the recent Supreme Court case, *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* —— U.S. ——, ——, 121 S.Ct. 1835, 1837–39, 149 L.Ed.2d 855 (2001). There, the Court defined a "prevailing party" as "a party in whose favor a judgment is rendered, regardless of the amount of damages awarded." *See also Fisher v. Kelly,* 105 F.3d 350, 353 (7th Cir.1997) ("The crux of whether a party has prevailed for purposes of awarding attorney's fees is whether the party achieved success on the merits"). The Court held in *Buckhannon* that it would not award attorney's fees to a party whose lawsuit was dismissed as moot, even though it was likely that the lawsuit helped bring about the legislation that rendered the action moot. *Id.* Rather, the Court ruled that a "material alteration of the legal relationship of the parties" is necessary to permit the award. *Id.* (quoting *Texas State Teachers Ass'n v. Garland Independent School Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The Court lists two judicial outcomes which meet this requirement, which thereby allow a party to be considered "prevailing" for the purposes of awarding attorney's fees: an enforceable

judgment on the merits or a settlement agreement enforced through a court-ordered consent decree. *Id.* The former provides the necessary foundation for plaintiff's status as a prevailing party because the plaintiff has received at least some relief *based upon the merits* of his or her claim. *Id.* (emphasis added). The latter, however, is acceptable (even without an admission of liability) because it is a "court-ordered change in the legal relationship" between the parties. *Id.* at 1839–41.

Space Guard submitted a supplemental brief citing *Buckhannon* as support for its contention that Plaintiff's Petition for Attorney's Fees and Costs should be denied. We find that the Supreme Court's decision, though instructive, is not dispositive of Plaintiff's Petition in this case. Rule 68 offers of judgment have yet to be interpreted under the "prevailing party" standard set forth in *Buckhannon,* and an accepted offer of judgment under Rule 68 is neither a judgment on the merits nor a court-ordered consent decree.

The accepted Offer, however, is enforceable against Defendant by this court, unlike the resolution effected by a private settlement. "[F]ederal jurisdiction to enforce a private contractual settlement will often be lacking...." *Id.* at 1839–41 n. 7 (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). In our case, it is true that Defendant did not at any time admit liability, but that is often the case with consent decrees as well. *Id.* at 1839–41. Nor does Space Guard's offer contain a disclaimer denying liability, which is a common practice with Rule 68 offers. *See Fisher,* 105 F.3d at 353; *Pigeaud v. McLaren,* 699 F.2d 401, 402 (7th Cir.1983); *Garst v. Brown,* 1997 WL 94733, at *1 (N.D.Ill.1997).

We are of the view that Ms. Aynes can properly be considered a "prevailing party" for the purposes of recovering attorney's fees, because the Offer of Judgment caused a

---

**1.** Although § 12205 does not define costs to include attorney's fees for the purposes of the ADA, the Seventh Circuit has held that fees may be awarded to the prevailing party in an ADA claim when the case involves a Rule 68 offer of judg-

ment. *Webb,* 147 F.3d 617 (holding that although plaintiff under ADA is not entitled to fees as part of costs, Rule 68 provides that he can recover fees as prevailing party when offer of judgment is silent as to fees).

material alteration of the legal relationship of the parties. *Buckhannon,* —— U.S. ——, ——, 121 S.Ct. 1835, 1839–41, 149 L.Ed.2d 855.

### Awarding Reasonable Attorney's Fees

 Both of the underlying statutes (Title VII and the ADA) allow for awards of "reasonable" attorney's fees, and "limited success (on the merits) warrants only that amount of fees that is reasonable in relation to the results obtained." *Simpson v. Sheahan,* 104 F.3d 998, 1001 (7th Cir.1997) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). We have discretion to lower the fee award or award no fees at all after considering the "amount and nature of the damages awarded." *Id.* at 1001. In civil rights cases where the plaintiff technically prevails, but receives only nominal damages, the Seventh Circuit instructs district courts to consider three factors, as extracted from Justice O'Connor's concurrence in *Farrar:*

1) the difference between the judgment recovered and the judgment sought;

2) the significance of the legal issue on which the plaintiff prevailed; and,

3) the public purpose served by the litigation.

*Fisher,* 105 F.3d at 352. *See also Farrar,* 506 U.S. at 120, 113 S.Ct. 566 (O'Connor, J., concurring); *Simpson,* 104 F.3d at 1002; *Maul v. Constan,* 23 F.3d 143, 145 (7th Cir. 1994).

 The first factor is considered the most important of the three. *Simpson,* 104 F.3d at 1002. Space Guard claims that the Offer was extended to dispose of the case with a "nuisance fee." Defendant's Response at ¶ 2. The Seventh Circuit offers a "working" definition of a nuisance-value settlement as "[a] compromise for less than the costs of defense . . . unless the stakes of the case are themselves small." *Fletcher v. Fort Wayne,* 162 F.3d 975, 976 (7th Cir.1998). Using this definition, Defendant's characterization of the Offer as a "nuisance" settlement carries some weight. Ms. Aynes filed her original complaint against Space Guard in August of

1999. When the Offer was extended, the case had already been before the Court for almost two years and the file created by the parties' excessive briefing of discovery disputes was already voluminous. Legal fees would likely have far exceeded $750.00 at the point the Offer was extended, and would be expected to increase if the case continued.[2]

However, the amount recovered by effect of the Offer's acceptance must also be considered from Ms. Aynes' perspective as well. A plaintiff who earns only $8.35 an hour is not likely to consider $750.00 a meaningless recovery. *See Morimanno v. Taco Bell,* 979 F.Supp. 791, 795 (N.D.Ind.1997) (awards of $5,400.00 to one plaintiff and $4,900.00 to other plaintiff were not nominal in an employment case where each of the plaintiffs earned wages of less than $8.00 an hour); *see generally, Farrar,* 506 U.S. at 113, 113 S.Ct. 566 (plaintiffs who requested $17 million and recovered only a dollar received a *de minimis* award). Applying these holdings, we conclude that Plaintiff's recovery was not *de minimis* or merely technical in light of all the circumstances. Nonetheless, we do not deny that Plaintiff's recovery of $750.00 is a small amount, especially when compared to what she might have recovered after trial or compared to the legal effort that would have to be expended. *Garst,* 1997 WL 94733, at \*1. Plaintiff's limited success in our view does counsel in favor of a significant reduction in the fee award. After all, "fee awards under § 1988 were never intended to produce windfalls to attorneys." *Farrar,* 506 U.S. at 115, 113 S.Ct. 566 (internal quotations omitted).

The second O'Connor factor when applied to this case favors the Plaintiff. Defendant allowed judgment to be entered against him under Rule 68, which is a more significant outcome than a private settlement; however, it is not as persuasive as if the plaintiff had won a jury trial on the merits of the case. Also, Defendant did not include a disclaimer denying liability in the Offer of Judgment. The Seventh Circuit has held that a plaintiff's acceptance of an offer containing a "disclaimer" strengthens the notion that the defendant was offering a settlement to avoid prolonged

---

2. Of course, as discussed above, from the language of the Offer, it remains unclear whether the amount Ms. Aynes accepted precluded recovery of attorney's fees.

litigation, rather than settling because of the merits of the case. *See Fisher*, 105 F.3d at 353; *Pigeaud*, 699 F.2d at 402; *Garst*, 1997 WL 94733, at *1. While the "magic words" approach has its failings, *Fletcher*, 162 F.3d at 977 (*citing Pigeaud*, 699 F.2d 401 and *Fisher*, 105 F.3d 350), the Seventh Circuit recently affirmed the significance of a disclaimer in the offer. *Fletcher*, 162 F.3d at 977. Without such a disclaimer, Plaintiff's position is strengthened.

Finally, the third O'Connor factor is a draw, when applied here. While sexual harassment in the workplace is an important societal concern, it appears from the complaint that Ms. Aynes sought primarily (perhaps exclusively) to remedy her own injuries, rather than advance the rights of employees in general. *See Simpson*, 104 F.3d at 998 (holding that the public purpose of the plaintiff's favorable verdict was negligible because it "represented a victory for [the plaintiff] personally and not for the public at large"). We leave this factor out of our analysis since it so clearly cuts both ways.

### Conclusion

Having made what we regard to be the appropriate analyses, we conclude that Ms. Aynes is entitled to an award of costs and that with respect to attorney's fees she was a "prevailing party." Though entitled to an attorney's fee award, she is not entitled to the excessive amount of $23,000 that she seeks. In light of the limited recovery sustained by the Plaintiff, we conclude that an award of $2,250.00, which is three times the amount of her recovery, is a reasonable fee. *See Garst*, 1997 WL 94733 at *1 (awarding attorney's fees of three times the recovery when settlement amount was considerably less than amount originally sought). Accordingly, we award fees and costs to Plaintiff and against Defendant in the total combined amount of $2,704.37 ($2250. + $454.37).