**Holly WINFREY, Plaintiff,**

v.

**COSTCO WHOLESALE CORPORATION, Defendant.**

**No. CIV. 1:06CV26.**

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 14, 2006.

Joseph A. Blaszkow, Washington, DC, for Plaintiff.

William Beverley Tiller, Richmond, VA, for Defendant.

### ORDER

ELLIS, District Judge.

In this now-resolved diversity personal injury action, defendant, Costco Wholesale Corporation, seeks review of the Clerk's taxation of the bill of costs. This motion has been noticed for 10:00 a.m., November 17, 2006. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.

On May 25, 2006, the underlying matter was resolved by way of plaintiff's acceptance of an offer to allow judgment to be taken against defendant, pursuant to Rule 68, Fed. R.Civ.P. In particular, the offer of judgment stated that defendant offered "to allow judgment to be taken against [it] in the *total* sum of $1000.00." Accordingly, a Judgment Order was entered in favor of plaintiff in the amount of $1000.00 and, pursuant to plaintiff's Bill of Costs, the Clerk then taxed costs of $677.70 against Costco. Defendant moved to review the Clerk's taxation of the Bill of Costs arguing that its Rule 68 offer of judgment was a lump sum offer that included costs. Plaintiff contends that because defendant's offer of judgment made no explicit provision for costs, and because she is the prevailing party by way of the Rule 68 offer of judgment, she is entitled to costs. Defendant counters that the offer of judgment did provide for costs in that it offered a "*total* sum of $1000.00," thereby implicitly resolving the matter of costs.

Analysis of this issue properly begins with the language of Rule 68, which provides that "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for money or property or to the effect specified in the offer, *with costs then accrued.*" Rule 68, Fed.R.Civ.P. (emphasis added). Put simply, Rule 68 provides that the acceptance of an offer allows judgment to be taken against the defendant for both "the damages caused by the challenged conduct and the costs then accrued." *Aynes v. Space Guard Products, Inc.,* 201 F.R.D. 445, 445 (S.D.Ind.2001). Notwithstanding that "Rule 68 *itself* alerts the reader to the issue of costs," parties continue, as here, to fail to make specific reference to costs in their offers of judgment. *Webb v. James,* 147 F.3d 617, 622 (7th Cir.1998).

■ Not surprisingly, therefore, this is not a novel issue. Indeed, twenty years ago, in *Marek,* the Supreme Court provided guidance as to whether a Rule 68 offer, which is silent as to costs, should be viewed as including costs. *Marek v. Chesny,* 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). In *Marek,* the Supreme Court sanctioned the use of "lump sum" offers, holding that a defendant need not include a specific amount for costs,

but instead a defendant may simply specify the total amount of the offer. *Id.* at 5–6, 105 S.Ct. 3012. In such a case, however, an offer would be viewed as including costs only if it "recites that costs are included or specifies an amount for costs." *Id.* at 6, 105 S.Ct. 3012. On the other hand, *Marek* held that if an offer does not state that costs are included and does not specify an amount of costs included, a court will be obliged by Rule 68 to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs. *Id.* Accordingly, "the effect of *Marek* is clear. Rule 68 offers must include costs. If the offer is silent as to costs, the court may award an additional amount to cover them." *Webb,* 147 F.3d at 622.

■ The issue, then, is whether defendant's use of the word "total" in its offer of judgment is sufficient under *Marek* to find that costs were included. In a similar case, the D.C. Circuit held that costs were not included in an offer of judgment stating that defendant offered that "judgment may be taken against it, and in favor of plaintiff, on *all claims* in the above-captioned case." *Tunison v. Continental Airlines Corp.,* 162 F.3d 1187, 1192 (D.C.Cir.1998) (emphasis added). The Court, relying on *Marek,* found that "[t]he 'all claims' language ... does not specify anything at all about costs, and therefore cannot be read to include costs." *Id.* Likewise, here, the word "total" does not sufficiently specify whether costs are included or excluded from defendant's offer of judgment. Instead, the offer is simply silent as to costs. In such a case, defendant may not later claim that the offer was intended to exclude costs. *See Webb,* 147 F.3d at 622–23 (requiring payment of fees and costs where lump sum Rule 68 offer did not mention costs, notwithstanding offeror's post-acceptance insistence that he meant the offer to be all inclusive); *Aynes,* 201 F.R.D. at 445 (holding that a plaintiff who accepts an offer of judgment that is silent as to costs and fees is not precluded from recovering costs or attorney's fees because the offer is ambiguous and any ambiguities must be resolved against defendant as the drafter); *Webb,* 172 F.R.D. at 316 (rejecting defendant's argument that a silent offer of judgment contemplates that accep-

tance would fully resolve defendant's liability).

■ Importantly, this holding is consistent with both the purpose of Rule 68 and general contract principles. *See Webb,* 147 F.3d at 620–22. The purpose of Rule 68 is to encourage settlement and to avoid protracted litigation. *Id.* This can only be achieved if the offer of judgment makes clear whether fees and costs are included. Otherwise, plaintiff is "left in the position of guessing what a court will later hold the offer means," and resorting to litigation to have the matter resolved. *Id.; Sas v. Trintex,* 709 F.Supp. 455, 458 (S.D.N.Y.1989) (subjecting Rule 68 offers to collateral proceedings concerning defendant's intentions in making the offer and plaintiff's assumptions in accepting would undermine entirely the purpose of the Rule). In addition, because courts generally use contract principles to interpret offers of judgment, *Webb,* 147 F.3d at 620, this holding is consistent with the rule of contract construction requiring that ambiguities in a contract be construed against the drafter. *Id.* at 623; *see also Aynes,* 201 F.R.D. at 445.

In sum, the teaching of these cases is clear: Parties wishing to include costs or attorney's fees in a Rule 68 offer of judgment must do so explicitly. *Webb,* 172 F.R.D. at 316 (stating that if defendant intended for its offer of judgment to fully resolve its liability as to fees and costs it could have clearly so stated). Unless an offer specifically excludes costs, use of the words "lump" or "total" sum, will not suffice to disallow plaintiff's recovery of costs. *See Webb,* 147 F.3d at 622.

For these reasons, and for good cause,

It is hereby **ORDERED** that defendant's motion to review the Clerk's taxation of the bill of costs is **DENIED.** Accordingly, the Clerk's taxation of costs in the amount of $677.50 is appropriate.

The Clerk is directed to send a copy of this Order to all counsel of record.