STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, SS.                                    CIVIL ACTION
                                                  Docket No. CV-02-126
                                                  JMJ - PEN - 12|26|2002

Ann Townsend,                 **DONALD L. GARBRECHT**
    Plaintiff                     **LAW LIBRARY**

                                 **JAN 6 2003**

        v.                                              Order

FILED & ENTERED
SUPERIOR COURT
DEC 26 2002
PENOBSCOT COUNTY

S.K.R. Distributors et al.,
    Defendants


The plaintiff commenced this action in July 2002 based on allegations that windows installed by defendant Ralph Cammack, distributed by defendant S.K.R. Distributors and manufactured by defendant Alside were defective. From those claims, the plaintiff sought damages relating to the defective windows and to personal injury. In count 2, the plaintiff alleged a violation of the Unfair Trade Practices Act and sought an award of attorney's fees.[1]

The court file reveals that mandatory rule 16B ADR was scheduled to be held on October 31. The neutral's report filed with the clerk stated that the claims remained unresolved in the mediation process. On November 1, counsel for S.K.R. and for Alside filed an offer of judgment. Counsel had signed the document on October 24 and 25 respectively. Through the offer, those party-defendants allowed "[t]hat judgment be entered in favor of Plaintiff for the sum of One Thousand Dollars ($1,000.00), together with costs incurred to date." On October 31 (the same day as the ADR conference), plaintiff's counsel signed an acceptance of that offer of judgment and filed it with the

---

[1] Title 5 M.R.S.A. § 213(2) provides: "If the court finds, in any action commenced under this section that there has been a violation of section 207, the petitioner shall, in addition to other relief provided for by this section and irrespective of the amount in controversy, be awarded reasonable attorney's fees and costs incurred in connection with said action." *See also* 5 M.R.S.A. § 213(1-A) ("If the judgment obtained in court by a claimant is not more favorable than any. . .offer of judgment, the claimant may not recover attorney's fees or costs incurred after the more favorable. . .offer of judgment.").

clerk the next day. The plaintiff now seeks an award of attorney's fees to supplement the terms of the judgment offered by Alside.[2] That issue is now pending before the court through the plaintiff's motion for an award of attorney's fees. The court has considered the submissions of the plaintiff and Alside.

Alside's offer of judgment was not specific to any of the three liability claims that the plaintiff alleged in her complaint; it did not tailor its offer of judgment to a particular claim, to the exclusion of any other claim. *See generally* 12 WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 3002 at 93 (2d ed. 1997) (an offeror of judgment may limit form of relief and remedies embodied in the offer). Rather, Alside allowed the entry of a generalized judgment to be entered against it. In this way, the offer – and the resulting judgment resulting from the plaintiff's acceptance of it -- must be seen to embody a judgment in favor of the plaintiff on count 2 (alleging the UTPA claim) as well as on the other two counts. This brings into effect the remedial provisions of the UTPA.

Alside argues that there has not been a court finding that it violated the provisions of 5 M.R.S.A. § 207 and that the plaintiff is therefore not entitled to an award of attorney's fees now. This argument, however, minimizes the effect of the way in which Alside chose to resolve the plaintiff's claims against it. Rather than securing a private settlement of the claim, which is ordinarily followed by a stipulation of dismissal under M.R.Civ.P. 41, Alside submitted to the entry of an adverse judgment. Unless the defendant-offeror disclaims liability in an offer accepted by the plaintiff, then the judgment based on the accepted offer of judgment amounts to an admission of liability. WRIGHT AND MILLER, *supra*, § 3005 at 110. Indeed, although a judgment based on the offer does not have an issue preclusion effect, it may be used as an admission in subsequent litigation,[3] *id.*, and it would certainly have a res judicata-claim preclusion effect, *see Irving Pulp and Paper Limited v. Kelly*, 654 A.2d 416, 418 (Me. 1995). Here, the plaintiff expressly alleged in count 2 that all three defendants, including Alside, are

_____

[2] Even though S.K.R. was a co-offeror of judgment, the plaintiff's claims against it have been resolved and dismissed, leaving only the issues that relate to Alside's liability to the plaintiff.

[3] Thus, at the very least, Alside has admitted that it violated section 207 and that judgment should be entered against it because of that violation. It is difficult for Alside to argue now that the predicate for attorney's fees has not been established in this case.

liable to her under the provisions of 5 M.R.S.A. § 213. Liability under section 213, in turn, is predicated on a violation of section 207. A violation of section 207 triggers entitlement to attorney's fees, subject to the limitation found in section 213(1-A) that is inapplicable here. Indeed, section 213(2) provides that a successful UTPA petitioner "*shall. . .be awarded reasonable attorney's fees and costs incurred in connection with said action.*" (Emphasis added.)

From this analysis, the court concludes that as a statutory matter, the plaintiff is entitled to an award of attorney's fees because Alside has allowed the entry of an adverse judgment on her claim that implicates that remedy. The next question is whether the offer as judgment, as framed by Alside itself and accepted by the plaintiff, is sufficient to exclude an award of such fees. Alside was entitled to formulate and tender an offer that expressly encompassed attorney's fees. *See, e.g., Marek v. Chesney,* 473 U.S. 1, 3-4 (1985) (defendant's offer of judgment provided "for a sum, including costs now accrued *and attorney's fees,* of $100,000." (Emphasis added)). It also could have filed an offer of judgment that expressly reserved the plaintiff's claim for attorney's fees. *See, e.g., Blair v. Shanahan,* 795 F.Supp. 309, 312 (N.D.Cal. 1992) ("This offer does not cover any attorneys' fees and costs incurred to date to which the plaintiff may be entitled. The issue of attorneys' fees and costs shall be resolved in a separate proceeding through a petition to the Court."). Here, however, Alside's offer of judgment is silent on the issue of attorney's fees.

"As a general matter, courts tend to interpret Rule 68 offers against the defendants, who drafted them, and this orientation has been pronounced with regard to fees, at least in civil-rights cases. . . .As a consequence, even defendants who honestly believe that they have capped their total liability may find that they are required to pay plaintiffs' attorneys' fees in addition to the sum in the Rule 68 offer because their offers did not explicitly provide otherwise." WRIGHT AND MILLER, *supra,* § 3005.1 at 112-13. *See also* 13 MOORE'S FEDERAL PRACTICE § 68.04[6] (3d ed. 2002) (". . .ambiguities may invalidate an offer, or, at the very least, be construed against the offeror."). There is some authority allowing an examination of the parties' settlement efforts as a tool to determine if attorney's fees were intended to be part of the resolution proposed in the offer of judgment. If that authority represents good law in Maine, then despite the

plaintiff's objection it is proper to consider plaintiff's counsel's demand letter. However, neither that letter nor other matters of record shed light on the parties' intent regarding the disposition of the plaintiff's attorney's fees claim.

In the absence of meaningful evidence of the parties' intentions, the court concludes that the plaintiff is entitled to an award of attorney's fees for two reasons. First, for the reasons noted above, the plaintiff is statutorily entitled to recovery of fees upon entry of a favorable judgment on her UTPA claim, and Alside did not expressly exclude attorneys fees from its offer of judgment. Second, Alside did not impliedly exclude attorneys fees from that offer. It imposed a limitation on costs. In this jurisdiction, recoverable costs are identified by statute and rule, *see* 14 M.R.S.A. §§ 1502-B *et seq.*, M.R.Civ.P. 54, and do not include attorney's fees. This circumstance is different in some other courts and in some other jurisdiction's statutes, where attorney's fees are treated as a cost of court. For example, under the federal Copyright Act, costs are defined statutorily to include attorney's fees. *Lucas v. Wild Dunes Real Estate, Inc.*, 197 F.R.D. 172, 177 (D.S.C. 2000) (construing 17 U.S.C. § 505). Here, Alside took steps to limit payment of costs to the plaintiff, but that limitation cannot be extended to limit attorney's fees, because fees are a different form of recovery than the fees. Additionally, that Alside took that affirmative step to address and limit costs, but failed to do so with respect to attorney's fees, is viewed as a basis for allowing the plaintiff to recover those fees. *Cf. Webb v. James*, 172 F.R.D. 311, 316 (N.D. Ill. 1997), *aff'd*, 147 F.3d 617 (7th Cir. 1998) (construed in light of cost provisions of rule 68, the absence of any reference to attorney's fees was deemed an intentional omission, thus allowing plaintiff to recover fees).

Therefore, in light of this combination of circumstances, the court concludes that the plaintiff is entitled to an award of attorney's fees based on the judgment entered in her favor against Alside. Reasonable fees and costs here amount to $2,000, for work performed through October 25. 2002. (The total amount sought by the plaintiff, which is several hundred dollars more than the court awards here, included several items not attributable directly to the claims against Alside, such as service costs on other defendants and phone calls with counsel representing those other defendants.) Additionally, because Alside's offer of judgment did not have the effect of excluding fees

to which the plaintiff is statutorily entitled, the court concludes that she is also entitled to an award post-offer fees. *See* WRIGHT AND MILLER, *supra*, § 3005.1 at 114; MOORE'S FEDERAL PRACTICE, *supra*, § 68.05[5]. Plaintiff's counsel may file an affidavit of attorney's fees for services performed in connection with the motion at bar. Within 10 days of that filing, counsel for Alside may file any written response to the amount sought as those additional fees.

Finally, Alside agues that if it is liable for attorney's fees, its total liability should be reduced by the amount of $1,650, which is the amount that defendant S.K.R. (the co-offeror of judgment) has agreed to pay the plaintiff in satisfaction of her claims against it. The plaintiff does not argue that Alside is not entitled to an offset in the amount of any money she in fact receives from S.K.R. The court does not address the remaining issue raised by the plaintiff regarding the computation of post-judgment interest, because the record does not indicate that this issue is presently controverted.

The entry shall be:

The plaintiff's motion for award of attorney's fees is granted. Plaintiff is entitled to an award of pre-offer and post-offer attorney's fees. Fees and costs of $2,000 are awarded as pre-offer fees. The amount of post-offer fees and costs shall be determined pursuant to the order herein.

Dated: December 26, 2002

_____
Justice, Maine Superior Court

ANN TOWNSEND  - PLAINTIFF
166 GARLAND ST
BANGOR ME 04401
Attorney for: ANN TOWNSEND
ARTHUR GREIF
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339


vs
S K R DISTRIBUTORS - DEFENDANT
195 THATCHER ST
BANGOR ME 04401
Attorney for: S K R DISTRIBUTORS
RICHARD SILVER
RUSSELL LINGLEY & SILVER
145 EXCHANGE STREET

BANGOR ME 04401-6505


ALSIDE - DEFENDANT
3773 STATE ROAD P O BOX 2010
AKRON OH 04401
Attorney for: ALSIDE
MICHAEL HODGINS
BERNSTEIN SHUR SAWYER & NELSON
150 CAPITOL ST
PO BOX 5057
AUGUSTA ME 04332-5057


RALPH CAMMACK  - DEFENDANT
30 BLAKE ST
BREWER ME 04412
Attorney for: RALPH CAMMACK
JOHN MCCARTHY
RUDMAN & WINCHELL
84 HARLOW ST
PO BOX 1401
BANGOR ME 04402-1401

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2002-00126


DOCKET RECORD


Filing Document: COMPLAINT                     Minor Case Type: UNFAIR TRADE PRACTICES
Filing Date: 07/03/2002

## Docket Events:
07/03/2002 FILING DOCUMENT - COMPLAINT FILED ON 07/03/2002

07/03/2002 Party(s):  ANN TOWNSEND
           ATTORNEY - RETAINED ENTERED ON 07/03/2002
           Plaintiff's Attorney: ARTHUR GREIF

07/03/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 07/03/2002
           TO ATTORNEY FOR THE PLAINTIFF.